UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL JOHN MODENA,

    Plaintiff,

v.

DIR. MR. HARLEY LAPPIN,
FEDERAL BUREAU OF PRISONS
WARDEN - R.L. MORRISON,
FEDERAL PRISON CAMP,
DULUTH, MN, ET AL.,

    Defendants.

Civil No. 06-473 (ADM/JSM)

**REPORT AND RECOMMENDATION**

    This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

    Plaintiff, a federal prison inmate, commenced this action by filing a self-styled pleading entitled "Complaint For Arrest Warrant(s)." (Docket No. 1.) He did not pay the normal filing fee required by 28 U.S.C. § 1914, but instead applied for leave to proceed IFP. The Court previously reviewed Plaintiff's IFP application and noted that (i) the application was incomplete because it did not include the certified trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not paid the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1).

Both of Plaintiff's omissions were called to his attention by this Court's Order of February 7, 2006. (Docket No. 3.) That Order gave Plaintiff twenty (20) days to cure the two defects in his original request for IFP status by submitting both (a) a new IFP application that includes the requisite certified trust account information, <u>and</u> (b) the initial partial filing fee prescribed by § 1915(b)(1). The order expressly advised Plaintiff that if he did not satisfy both of those requirements within the time allowed, the Court would recommend that his case be dismissed for failure to prosecute.

The deadline for satisfying the requirements of the Court's prior order has now expired. To date, however, Plaintiff has not submitted either an amended IFP application or an initial partial filing fee. Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice. <u>See</u> Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). <u>See</u> <u>also</u> <u>In re Smith</u>, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); <u>Amick v. Ashlock</u>, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[1]

---

[1] The Court acknowledges receipt of a document from Plaintiff entitled "Motion For Extension Of Time To Respond To Good Cause," (Docket No. 8), in which he seems to be seeking additional time to respond to the Court's prior order. A few days later, however, Plaintiff filed another document entitled "Motion to Withdraw Complaint But Hold It In

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**;

2. Plaintiff's "Motion For Extension Of Time To Respond To Good Cause," (Docket No. 8), be **DENIED**;

3. Plaintiff's "Motion to Withdraw Complaint But Hold It In Abeyance, To Submit Habeas Corpus Filing," (Docket No. 9), be **DENIED**;

4. This action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed. R. Civ. P. 41(b).

Dated: March 17, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

Abeyance, To Submit Habeas Corpus Filing," (Docket No. 9), which clearly indicates that he intends to forego his present civil rights action and pursue a separate habeas corpus action instead. (It is unclear why the caption of Plaintiff's motion includes the phrase "hold it in abeyance," but the motion itself offers no good reason why this action should be kept alive.) Plaintiff's latest submission reinforces the Court's determination that he should be deemed to have abandoned this action, and that the case should be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). Based on that determination, the Court will recommend that Plaintiff's two latest "motions" – i.e., "Motion For Extension Of Time To Respond To Good Cause," (Docket No. 8), and the "Motion to Withdraw Complaint But Hold It In Abeyance, To Submit Habeas Corpus Filing," (Docket No. 9), be summarily denied.

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 3, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.