**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Michael John Modena,

        Plaintiff,

    v.

Harley Lappin, Federal Bureau of Prisons;
Warden R.L. Morrison, Federal Prison Camp-Duluth,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 06-473 ADM/JSM

_____

Michael John Modena, *pro se*.

_____

**I. INTRODUCTION**

This matter is before the undersigned United States District Judge pursuant to Plaintiff

Michael John Modena's ("Plaintiff") Objections [Docket No. 11] to Magistrate Judge Janie S.

Mayeron's Report and Recommendation ("R&R") [Docket No. 10] of March 17, 2006.  The

Magistrate Judge's R&R recommends that Plaintiff's Application to Proceed Without Payment

of Fees [Docket No. 2]; Plaintiff's Motion for Extension of Time for Respond to Good Cause

[Docket No. 8]; Plaintiff's Motion to Withdraw Complaint But Hold in Abeyance, to Submit

Habeas Corpus Filing [Docket No. 9]; and Plaintiff's "Complaint for Arrest Warrant" [Docket

No. 1] all be denied and dismissed without prejudice because Plaintiff has failed to prosecute his

action and has failed to comply with court orders.  The factual background of this matter is set

forth in the R&R and is incorporated by reference for purposes of the present Objections.  For

the reasons set forth below, the Objections are overruled, and the R&R is adopted.

**II. DISCUSSION**

**A.      Standard of Review**

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

**B.      Plaintiff's Objections to R&R**

Plaintiff offers five objections to Judge Mayeron's R&R.  First, Plaintiff argues that his habeas corpus action is pursuant to a common law writ and does not need to conform to 28 U.S.C. § 2241.  The action currently before the Court is not a habeas corpus petition, but rather an action for alleged civil right violations.  Even if the action were construed as a habeas corpus petition, the Supreme Court has held that federal habeas corpus petitions are unique and must not be allowed to flounder in a procedural morass.  The Supreme Court also stated that district courts are empowered to fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage, for the consideration of habeas corpus petitions. See Harris v. Nelson, 394 U.S 286, 291-92, 294, 299 (1969).  Judge Mayeron's requirement that Plaintiff actively prosecute his action, file the statutorily required paper work and filing fee, and comply with the Court's orders are appropriate requirements for an orderly consideration of Plaintiff's action.  Plaintiff's continued failure to satisfy these reasonable requirements supports Judge Mayeron's recommendation to dismiss Plaintiff's action.

Second, Plaintiff alleges that persons either at the courthouse or the prison are

obstructing his ability to send and receive mail, thus causing the delays in Plaintiff's ability to conform with Judge Mayeron's orders. Despite Plaintiff's allegation, there is no evidence that any mail obstruction has taken place. Moreover, Plaintiff's promptly filed Objections to the R&R suggest that Plaintiff is sending and receiving mail in a regular and orderly fashion.

Third, Plaintiff argues that he received a letter from the "St. Paul USDC" stating that the *in forma pauperis* fee was waived. However, a review of the record does not indicate that any such waiver was given to Plaintiff, and Plaintiff has not offered any evidence of the letter.

Fourth, Plaintiff argues that the sole reason he is unable to obtain the certified trust account information necessary for completing the *in forma pauperis* paperwork is the absence or vacation of the prison staff person responsible for providing that information. However, Plaintiff has been given ample time to obtain the certified trust account information.

Fifth and finally, Plaintiff argues that he still wants to pursue his original "Complaint for Arrest Warrant" despite the fact that he has not paid the partial filing fee and has not obtained the certified trust account information. Plaintiff's own inaction and failure to pay the partial filing fee or obtain the certified trust account information cast doubt on the sincerity of his effort. In any event, because the R&R recommends dismissal of Petitioner's Petition without prejudice, Petitioner can re-file his Petition after assembling all the necessary paperwork, information, and filing fee.

Judge Mayeron correctly concluded that Plaintiff's "Complaint for Arrest Warrant," and subsequently filed related motions, should be denied and dismissed without prejudice because Plaintiff has failed to prosecute his action and has also failed to comply with court orders. See Fed. R. Civ. P. 41(b).

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      The Magistrate Judge's R&R [Docket No. 10] is **ADOPTED**;

2.      Plaintiff's Objections [Docket No. 11] are **OVERRULED**;

3.      Plaintiff's  Application to Proceed Without Payment of Fees [Docket No. 2] is

**DENIED**;

4.      Plaintiff's Motion for Extension of Time to Respond for Good Cause [Docket No.

8] is **DENIED**;

5.      Plaintiff's Motion to Withdraw Complaint But Hold in Abeyance, to Submit

Habeas Corpus Filing [Docket No. 9] is **DENIED**; and

6.      Plaintiff's Complaint for Arrest Warrant [Docket No. 1] is **DISMISSED**

**WITHOUT PREJUDICE**.

        **LET JUDGMENT BE ENTERED ACCORDINGLY**.


                                        BY THE COURT:



                                        _____s/Ann D. Montgomery_____
                                        ANN D. MONTGOMERY
                                        U.S. DISTRICT JUDGE

Dated:  May 9, 2006.